IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MIKIL RASHEN KING, ) | Civil Action No. 4:12-2203-TLW |
| ) | Criminal No. 4:07-1172-TLW |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Mikil Rashen King. ("Petitioner" or "Defendant"). On June 24, 2008, a federal grand jury returned a Superseding Indictment charging Petitioner with a drug offenses in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(D) and 846. (Doc. # 125). On September 30, 2008, Petitioner pled guilty to Count 1 of the Superseding Indictment, Conspiracy to Distribute 5 Grams or More of Cocaine Base and a Quantity of Marijuana, in violation of 21 U.S.C. §§ 841 and 846. (Doc. # 200). On November 14, 2008, a sentencing hearing was held in which Petitioner was sentenced to a term of imprisonment of 120 months. (Doc. # 215). The Court entered its Judgment on November 24, 2008 and entered an Amended Judgment correcting a clerical error on January 8, 2009. (Docs. # 221 and # 230). Petitioner did not file a direct appeal.

On August 2, 2012, Petitioner filed the present action raising one ground of relief. (Doc. # 270). Petitioner contends that he is serving an illegally enhanced sentence because his 2007 South Carolina convictions for Possession of Cocaine and Possession of Crack Cocaine are not

properly considered "felony drug offenses" under 21 U.S.C. § 841(b)(1)(A) and therefore not capable of supporting a § 851 sentence enhancement. (Doc. # 270).

On August 14, 2012, the Government filed its response and moved to dismiss or in the alternative for summary judgment. (Docs. # 275 and # 276). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed August 24, 2012 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 277). Petitioner filed a timely reply memorandum. (Doc. # 279). The matter is now ripe for decision.

### **28 U.S.C. § 2255**

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a

fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has filed a response and moves for summary judgment as to the single ground for relief raised by Petitioner. (Docs. # 275 and # 276) In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner's sole argument for relief is that his federal sentence was illegally enhanced based upon his prior South Carolina drug convictions. It is clear that the convictions at issue are Petitioner's 2007 convictions for Possession of Cocaine and Possession of Crack Cocaine, for which Petitioner received suspended sentences conditioned upon the service of ninety (90) days imprisonment and a term of probation. (Doc. # 218 at ¶¶s 23 and 27). It is likewise clear that while Petitioner was sentenced to only 90 days in prison as a result of these convictions, the offenses in question carry with them a maximum term of incarceration of over one year.

The boundaries of 21 U.S.C. § 841(b)(1)(A) are now clear with respect to prior convictions. A prior offense is a "felony drug offense" capable of supporting a § 851 sentencing enhancement if the offense is punishable by more than one year imprisonment. See Burgess v. United States, 553 U.S. 124, 126 (2008) (holding that a South Carolina conviction for possession of cocaine is a conviction for a "felony drug offense" because it is "punishable by more than one year," regardless of the fact that the state of conviction classified the offense as a misdemeanor).

Based on the foregoing, Petitioner's 2007 South Carolina drug convictions clearly fall within the category of "felony drug offenses." In his motion, Petitioner cites the Fourth Circuit's

opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), as a basis for his argument to the contrary. (Doc. # 270). However, as the Government notes in its response, Petitioner's reliance on this case is misplaced, as Simmons concerned the unique sentencing regime in North Carolina's state court system and a particular North Carolina drug offense the violation of which does not necessarily subject the offender to the possibility of a one year term of incarceration. That is simply not true of the South Carolina offenses at issue here. Under South Carolina law, the drug offenses for which Petitioner was convicted carry with them a maximum potential sentence of greater than one year. See S.C. Code Ann. §§ 44-53-370.

Based on the foregoing, Petitioner has not presented any grounds upon which this Court can conclude that his sentence was illegally enhanced.[1]

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 270) and the Government's motion for summary judgment is **GRANTED**. (Doc. # 275).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

---

[1] In addition, the Court accepts the Government's alternative argument raised in its memorandum that even were Petitioner's reliance on Simmons not misplaced his application would nonetheless be properly dismissed as time-barred. (Docs. # 275 and # 276).

**IT IS SO ORDERED**.

February 8, 2013                                        __s/Terry L. Wooten_____
Columbia, South Carolina                   Chief United States District Judge